■ MARILYN C. SHUMAN et al., Respondents, v BARBARA A. BOWER, Appellant. [665 NYS2d 602] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted the motion of plaintiffs to set aside the verdict. The evidence establishes defendant's negligence and the lack of negligence on the part of plaintiff Marilyn C. Shuman; therefore, the court properly determined "that by no rational process could the trier of facts find for the nonmoving party" (*Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366; *see, Lipsius v White,* 91 AD2d 271, 276-277). There is no merit to the contention that the court improperly set aside the jury's verdict on damages as inadequate. The court improperly applied the test that

a verdict may be overturned if it "shocks the conscience" rather than if it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). We conclude, however, that the award of $3,000 to Marilyn Shuman for pain and suffering up to the time of trial and $250 to plaintiff Irving M. Shuman on his derivative cause of action deviates materially from what would be reasonable compensation (*see, Prunty v YMCA of Lockport*, 206 AD2d 911). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.