■ MARGARET BARRY et al., Plaintiffs, v HANNA HILDRETH, Defendant and Third-Party Plaintiff-Appellant. ROBERT T. BARRY, Third-Party Defendant-Respondent. [780 NYS2d 159]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated September 29, 2003, which granted the motion of the third-party defendant pursuant to CPLR 3211 (a) (5) to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The third-party defendant, Robert T. Barry (hereinafter Barry), who is also a plaintiff in the main action, was the driver of a motor vehicle involved in an accident with an automobile

driven by the defendant third-party plaintiff, Hanna Hildreth (hereinafter the appellant). Barry and his wife commenced an action to recover damages for personal injuries, etc., against the appellant, and the appellant and her husband subsequently commenced an independent action against Barry to recover damages for, among other things, her personal injuries. After the two actions were joined for trial, the appellant settled her action against Barry for the sum of $22,500, and executed a general release in his favor. At a jury trial on the Barry action, both Barry and the appellant were found to be partially at fault in the happening of the accident. After the trial, the appellant instituted a third-party action against Barry for contribution and indemnification. The Supreme Court granted Barry's motion pursuant to CPLR 3211 (a) (5) to dismiss the third-party complaint.

The appellant contends that she never meant for the release to apply to causes of action for contribution or indemnification, and that the Supreme Court erred in dismissing the third-party action. The general release signed by the appellant purported to release Barry from "all actions, causes of action, suits . . . controversies . . . damages, judgments . . . claims, and demands whatsoever, in law . . . or equity." At the time the appellant signed the release, her cause of action to recover damages for personal injuries against Barry was pending in the same action that is the subject of the release, and she was represented by counsel at the time that she signed the release. The release barred the appellant's claim for contribution by Barry (*see* General Obligations Law § 15-108; *Mitchell v New York Hosp.*, 61 NY2d 208, 215-216 [1984]; *Tulley v Straus*, 265 AD2d 399, 401 [1999]). The release is unambiguous, and the appellant's vague and unsubstantiated claims that she did not intend the release to apply to those claims were insufficient to defeat the motion to dismiss (*see Touloumis v Chalem*, 156 AD2d 230, 232 [1989]).

A party seeking indemnification must show that it is not responsible in any way for the injuries to the plaintiff (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24-25 [1985]). Therefore, the appellant could not obtain indemnification as she was found by a jury to be partially at fault for the injuries for which she sought indemnification. As the third-party complaint sought only contribution and indemnification, and those claims are barred, the third-party complaint was properly dismissed.

The appellant's remaining contentions are without merit. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.