GARY HOTALING et al., Respondents, v CORNING INCORPORATED, Appellant. (Appeal No. 1.) [784 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 8, 2003. The judgment was entered, upon a jury verdict, in favor of plaintiffs and against defendant in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Gary Hotaling (plaintiff) in a work-related fall at premises owned by defendant on October 28, 1997. While employed by a subcontractor adjusting visual projection equipment installed in a recently-constructed auditorium, plaintiff fell into a lowered orchestra pit. The jury found defendant to be 100% at fault and awarded plaintiff $65,000 for past pain and suffering and $225,000 for future pain and suffering, along with awards for medical expenses and lost earnings. Supreme Court denied defendant's motion to set aside the verdict as against the weight of the evidence.

We reject defendant's contention that Labor Law § 241 (6) is inapplicable in this case. In order to make out a prima facie cause of action under section 241 (6), an injured worker must show that a specific regulation of the Industrial Code was violated, that the regulation applied to the incident at issue and that the violation proximately caused his injuries (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]; *Bald v Westfield Academy & Cent. School*, 298 AD2d 881, 882 [2002]). Plaintiff claimed that defendant failed to protect him from "falling hazards" under 12 NYCRR 23-1.7 (b) (1) (i).

Defendant contends that section 241 (6) is inapplicable because plaintiff was not engaged in construction when he was injured, inasmuch as the construction of defendant's auditorium had already been completed. The Industrial Code defines "[c]onstruction work" as "All work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, whether or not such work is performed in proximate relation to a specific building or other structure and includes, by way of illustration but not by way of limitation, the work of . . . *equipment installation* and the structural installation of wood, metal, glass, plastic, masonry and other building materials in any form or for any purpose" (12 NYCRR 23-1.4 [b] [13] [emphasis added]). Here, there was ample testimony that installation of the audio-

visual equipment was a part of the construction of defendant's auditorium and that such installation included both physical installation and set-up (*cf. Malczewski v Cannon Design*, 125 AD2d 941, 942 [1986]).

Supreme Court properly denied defendant's motion to set aside the verdict, which found that plaintiff was negligent but that his negligence was not a substantial factor in causing plaintiff's injuries, as against the weight of the evidence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause. Further, [w]here . . . an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks and citations omitted]). Based on the record before us, we conclude that the jury's verdict is supported by a "fair interpretation of the evidence" (*Murphy v Holzinger*, 6 AD3d 1072, 1072 [2004]). "[T]he evidence on the issue of causation did not so preponderate in favor of [defendant] that the jury's finding of . . . proximate cause could not have been reached on any fair interpretation of the evidence" (*Waild v Boulos* [appeal No. 2], 2 AD3d 1284, 1286 [2003], *lv denied* 2 NY3d 703 [2004]).

Contrary to defendant's contention that the jury's award of $65,000 for past pain and suffering and $225,000 for future pain and suffering was excessive, we conclude that those sums do not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see also Shuman v Bower*, 242 AD2d 888, 889 [1997]; *Roshwalb v Regency Mar. Corp.*, 182 AD2d 401 [1992], *lv denied* 80 NY2d 756 [1992]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.