■ Tara McNally et al., Respondents-Appellants, v Peter Corwin, Appellant-Respondent, and Laura Burnside, Respondent. (And a Third-Party Action.) [819 NYS2d 271]—

In an action to recover damages for personal injuries, etc., the defendant Peter Corwin appeals, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Nassau County (Alpert, J.), dated January 11, 2005, as, upon an order of the same court (Covello, J.) dated March 8, 2004, granting the motion of the plaintiff Michael McNally to dismiss his counterclaim seeking contribution, and upon a jury verdict on the issue of liability finding the defendant Peter Corwin 100% at fault in the happening of the accident, is in favor of the plaintiffs and against him on the issue of liability, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same interlocutory judgment, as, in effect, found the defendant Laura Burnside 0% at fault in the happening of the accident.

Ordered that the cross appeal by the plaintiff Taylor McNally, an infant, by her mother and natural guardian, Tara McNally, is dismissed, as she is not aggrieved by the portion of the interlocutory judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the interlocutory judgment is modified, on the law and the facts, by deleting the provision thereof in favor of the plaintiff Michael McNally and against the defendant Peter Corwin on the issue of liability; as so modified, the interlocutory judgment is affirmed insofar as appealed from, with costs to the defendant Laura Burnside payable by the plaintiffs Tara McNally and Michael McNally, individually, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issues of the comparative negligence of the plaintiff Michael McNally, and apportionment of fault between the defendant Peter Corwin and him.

On March 18, 2000, at the intersection of Route 27A and

Saxton Avenue in Islip, a collision occurred between a vehicle operated by the defendant Peter Corwin and a vehicle operated by the plaintiff Michael McNally. Michael McNally's wife, the plaintiff Tara McNally, was a passenger in the McNally vehicle, as was his infant daughter, the plaintiff Taylor McNally. As the McNally vehicle proceeded westbound on Route 27A, it was hit by the vehicle driven by Corwin, which had been in the southbound lane of Saxton Avenue and had just entered the intersection to turn left onto the eastbound lane of Route 27A. Immediately before the accident, the McNally vehicle had passed on the right side of a vehicle operated by the defendant Laura Burnside, which had been ahead of it in the westbound lane of Route 27A, and had stopped at the intersection in order to turn left onto Beson Avenue, as Saxton Avenue is called south of Route 27A. Just prior to the accident, Burnside gestured to Corwin that he could make his turn first. Corwin interpreted Burnside's gesture to mean that she was allowing him to turn first, not that the intersection was clear. Accordingly, after Burnside's gesture, Corwin checked both directions of Route 27A for oncoming traffic before initiating his turn. According to Corwin, he did not see any oncoming traffic until he entered the intersection and collided with the McNally vehicle.

Michael McNally and Tara McNally (hereinafter the plaintiffs) commenced the instant action, each seeking damages for personal injuries, and each seeking to recover for the loss of the other's consortium. Tara McNally also asserted a cause of action on behalf of her infant daughter, Taylor McNally. By order dated February 27, 2004, the Supreme Court granted Corwin's motion for summary judgment dismissing the cause of action asserted on behalf of Taylor McNally on the ground that she did not satisfy the threshold requirement of Insurance Law § 5102 (d).

Before the commencement of the liability trial in the instant action, Corwin, who had commenced a separate action against Michael McNally, among others, arising from the collision, settled that action, and executed a general release in favor of Michael McNally. In an order dated March 8, 2004, the Supreme Court in the instant action granted the motion of the plaintiff Michael McNally to dismiss Corwin's counterclaim seeking contribution from him in connection with Tara McNally's cause of action against Corwin to recover damages for her own personal injuries. Based on that order, the Supreme Court thereafter precluded Corwin from contending or establishing at trial that Michael McNally's conduct caused or contributed to the accident, and thus precluded the jury from apportioning fault be-

tween Corwin and Michael McNally. Because the court erred in this regard, we modify the interlocutory judgment and remit to the Supreme Court, Nassau County, for further proceedings as set forth herein.

The general release executed by Corwin precluded him from seeking contribution from, among others, Michael McNally for any damages that were sustained by others as a result of the accident (see General Obligations Law § 15-108 [a], [c]; *Barry v Hildreth*, 9 AD3d 341, 342 [2004]; *Tulley v Straus*, 265 AD2d 399, 401 [1999]; *Salonia v Samsol Homes*, 119 AD2d 394 [1986]; cf. *Tarantola v Williams*, 48 AD2d 552 [1975]). Contrary to the Supreme Court's determination, however, the release given by Corwin did not discharge Michael McNally from liability to other parties actually injured in the collision, nor did it preclude Corwin from attempting to demonstrate that McNally was partially or wholly responsible for the accident (see *Barry v Hildreth, supra*; *Kwasny v Feinberg*, 157 AD2d 396, 401 [1990]). Where a tort claim is discontinued or remains unasserted against a former or potential defendant, but the remaining defendant seeks to apportion his own liability with that of the former or potential defendant, the remaining defendant has the burden of establishing that the former or potential defendant breached a duty to the plaintiff, and that the breach proximately caused the plaintiff's injuries (see *Bigelow v Acands, Inc.*, 196 AD2d 436 [1993]; see also *Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830 [1995]; *Rodi v Landau*, 170 Misc 2d 180 [1996]). In the instant action, Corwin satisfied that burden with evidence that Michael McNally passed to the right of the Burnside vehicle, and did not keep a proper lookout for vehicles entering the intersection from the right. Thus, although Corwin may not seek contribution from Michael McNally, were a jury to find that Michael McNally bore a proportionate share of the responsibility for the collision, Michael McNally's personal recovery against Corwin would be diminished in that proportion (see CPLR 1411; *Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 291-292 [1998]; *Cohen v Heritage Motor Tours*, 205 AD2d 105, 108 [1994]), Michael McNally's derivative cause of action for the recovery of the loss of his wife's consortium would be reduced by his proportionate fault (see *Florsz v Ogruk*, 184 AD2d 546, 547-548 [1992]), Tara McNally's derivative cause of action for the recovery of the loss of her husband's consortium would likewise be reduced in that proportion (see *Maidman v Stagg*, 82 AD2d 299, 306-307 [1981]), and Tara McNally would be permitted to recover the full measure of her damages from Corwin (see General Obligations Law § 3-313 [2]; CPLR 1601 [1]; 1602 [6]; *Xiao Yang Chen v Fischer*, 6 NY3d 94 [2005]; cf.

Insurance Law § 3420 [g]; *State Farm Mut. Auto. Ins. Co. v Westlake*, 35 NY2d 587, 591-592 [1974]).

Nonetheless, because Corwin's conduct constituted negligence as a matter of law, the jury's verdict finding him negligent should not be disturbed (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Kinney v Taylor*, 305 AD2d 466 [2003]). The evidence indicated that Corwin violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by not yielding the right of way to the McNally vehicle, and that Corwin was negligent for failing to see the McNally vehicle, which he could have seen by using his senses (*see Moussouros v Liter*, 22 AD3d 469 [2005]; *Spatola v Gelco Corp.*, 5 AD3d 469 [2004]; *Rockman v Brosnan*, 280 AD2d 591 [2001]; *Bolta v Lohan*, 242 AD2d 356 [1997]). Additionally, McNally was entitled to anticipate that Corwin would obey traffic laws and yield to oncoming traffic on Route 27A (*see Moussouros v Liter, supra*; *Batal v Associated Univs.*, 293 AD2d 558 [2002]).

Further, the evidence demonstrated that Corwin did not rely on Burnside's gesture to him as an indication that the intersection was clear. Accordingly, the jury's determination that Burnside was not negligent in the happening of the accident should likewise not be disturbed (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards, supra; Kinney v Taylor, supra*).

In light of the foregoing, we remit the matter to the Supreme Court, Nassau County, for a new trial on the issues of the comparative negligence of the plaintiff Michael McNally, and the apportionment of fault between Corwin and him. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.