NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant-Respondent, v HANAMIA HILDRETH, Respondent-Appellant, and ROBERT T. BARRY et al., Respondents. (Action No. 1.) HANNA HILDRETH et al., Respondents-Appellants, v PHILIP F. ALBA, P.C., et al., Respondents. (Action No. 2.) [835 NYS2d 409]—

In an action, inter alia, for a judgment declaring that the plaintiff is under no duty to indemnify its insured, Hanna Hildreth, sued herein as Hanamia Hildreth, in a personal injury action entitled *Barry v Hildreth,* commenced in the Supreme Court, Suffolk County, under index No. 22625/99, in which judgment was entered in favor of the defendant Margaret Barry and against Hanna Hildreth in the sum of $213,915.04 (action No. 1), and in a related action commenced by Hanna Hildreth and Mark Hildreth to recover damages for legal malpractice (action No. 2), (1) the plaintiff in action No. 1 appeals (a), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated March 21, 2006, as denied its motion for summary judgment, granted that branch of the cross motion of the defendant Hanna Hildreth, sued herein as Hanamia Hildreth, which was for summary judgment dismiss-

ing the complaint insofar as asserted against her, granted those branches of the cross motion of the defendants Robert T. Barry and Margaret Barry which were for summary judgment on their counterclaim in favor of Margaret Barry and against it in the principal sum of $213,915.04, and, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, upon searching the record, granted summary judgment to the defendant GMAC Insurance, and (b) from a judgment of the same court entered April 18, 2004, which, upon the order, is in favor of the defendant Margaret Barry and against it in the principal sum of $213,915.04, and dismissed the complaint against the defendants Hanna Hildreth, sued herein as Hanamia Hildreth, Robert T. Barry, and Margaret Barry, (2) the defendant Hanna Hildreth, sued herein as Hanamia Hildreth, cross-appeals (a), as limited by her brief, from so much of the same order as denied those branches of her motion in action No. 1 which were for summary judgment on her cross claims against the defendant GMAC Insurance and her counterclaim in action No. 1, and (b) from the judgment entered April 18, 2004, and (3) Hanna Hildreth and Mark Hildreth, the plaintiffs in action No. 2, cross-appeal from so much of the same order as denied, as academic, their motion to consolidate action Nos. 1 and 2 and granted those branches of the cross motion of the defendants Jacobson & Schwartz, Gary R. Schwartz, Robert Bridges, and Jacob N. Schwartz which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against them in action No. 2.

Ordered that the appeal by the plaintiff in action No. 1 from so much of the order as denied its motion for summary judgment, granted that branch of the cross motion of the defendant Hanamia Hildreth which was for summary judgment dismissing the complaint insofar as asserted against her, granted those branches of the cross motion of the defendants Robert T. Barry and Margaret Barry which were for summary judgment on their counterclaim in favor of Margaret Barry and against it in the principal sum of $213,915.04, and, in effect, for summary judgment dismissing the complaint insofar as asserted against them, is dismissed; and it is further,

Ordered that the appeal by the defendant Hanna Hildreth, sued herein as Hanamia Hildreth, from the judgment is dismissed, as she is not aggrieved by it (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants Robert T. Barry, Margaret Barry, and GMAC Insurance, appearing separately and filing separate briefs, are awarded one bill of costs, payable by the plaintiff in action No. 1.

The appeal by New York Central Mutual Fire Insurance Company (hereinafter New York Central), the plaintiff in action No. 1, from so much of the order as denied its motion for summary judgment, granted that branch of the cross motion of the defendant Hanamia Hildreth which was for summary judgment dismissing the complaint insofar as asserted against her, granted those branches of the cross motion of the defendants Robert T. Barry and Margaret Barry which were for summary judgment on their counterclaim in favor of Margaret Barry and against it in the principal sum of $213,915.04, and, in effect, for summary judgment dismissing the complaint insofar as asserted against them, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on New York Central's appeal from those portions of the order are brought up for review and have been considered on its appeal from the judgment (see CPLR 5501 [a] [1]).

On June 22, 1999 a vehicle driven by Robert T. Barry (hereinafter Robert Barry), in which his wife Margaret Barry was a passenger, collided with a vehicle operated by Hanna Hildreth, sued herein as Hanamia Hildreth (hereinafter Hildreth). The Barrys sued Hildreth, and Hildreth and her husband sued Robert Barry in a separate action.

Hildreth's insurance carrier, the plaintiff New York Central Mutual Fire Insurance Company, retained the law firm of Jacobson & Schwartz (hereinafter J & S) to represent her as a defendant in the Barrys' action against her. Hildreth interposed an answer and included, inter alia, a counterclaim for contribution against Robert Barry. Hildreth retained Philip Alba, P.C. (hereinafter Alba), to represent her as a plaintiff in her action against Robert Barry. Robert Barry's insurance carrier GMAC Insurance (hereinafter GMAC) assigned McCabe Collins McGeough & Fowler to defend him. By order dated August 18, 2000, the two actions were consolidated for trial.

On April 15, 2002 Hildreth settled her action against Robert Barry for the sum of $22,500 and executed a general release without the knowledge or consent of her insurance carrier, New York Central. On August 26, 2002 New York Central was advised of Hildreth's settlement with Robert Barry.

In August 2002 J & S demanded a reply to the counterclaim for contribution interposed in the Barry action. Thereafter, on

September 27, 2002, GMAC disclaimed coverage of Robert Barry with respect to the counterclaim for contribution on the ground that Robert Barry failed to advise GMAC of the counterclaim in a timely manner.

On May 2, 2003 Margaret Barry's personal injury cause of action was tried before a jury. The jury rendered a verdict finding Robert Barry 70% at fault in the happening of the accident and Hildreth 30% at fault.

On or about May 13, 2003 Hildreth commenced a third-party action against Robert Barry for contribution and common-law indemnification. Robert Barry moved to the dismiss the third-party action based upon the general release executed by Hildreth as part of her settlement. By order dated September 29, 2003, the Supreme Court granted Barry's motion. That determination was subsequently affirmed by this Court (*see Barry v Hildreth*, 9 AD3d 341 [2004]).

By letter dated November 17, 2003, New York Central informed its insured, Hildreth, that in the event it was determined that Hildreth's release barred New York Central's subrogation claim against Robert Barry, it reserved the right to recover "such sums directly from you."

In June 2004 a jury awarded Margaret Barry damages in the sum of $190,000. Judgment was entered in favor of Margaret Barry and against Hildreth in the sum of $213,915.04.

Thereafter, New York Central commenced an action against Hildreth, Robert T. Barry, Margaret Barry, and GMAC (action No. 1). Hildreth and her husband commenced an action to recover damages, inter alia, for legal malpractice against her attorneys Alba and J & S (action No. 2).

In action No. 1, New York Central moved for summary judgment. Hildreth joined in its motion for summary judgment against Robert Barry and GMAC, and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that New York Central's letter dated November 17, 2003 was not a valid disclaimer. Robert Barry and Margaret Barry cross-moved for summary judgment on their counterclaim against New York Central to recover the amount of Margaret Barry's judgment against Hildreth, and, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

In action No. 2, J & S moved for summary judgment alleging that it had no knowledge of the general release. In opposition, Linda Alba Massin from the Alba firm stated that she discussed settlement negotiations with J & S and that J & S was aware

the case had been settled. By separate motion, Hildreth moved to consolidate action Nos. 1 and 2.

The Supreme Court determined, inter alia, that Margaret Barry was entitled to judgment against New York Central in the principal sum of $213,915.04, and that the defendants in action No. 1 were entitled to summary judgment dismissing the complaint. The court determined, inter alia, that New York Central did not timely disclaim and was collaterally estopped from claiming contribution pursuant to the decision of this Court in *Barry v Hildreth (supra)*. Since the defendants in action No. 1 were entitled to summary judgment dismissing the complaint in action No. 1, Hildreth's motion to consolidate was denied as academic.

With respect to action No. 2, the Supreme Court granted those branches of J & S's motion which were for summary judgment dismissing the first and fourth causes of action alleging that the defendants' legal malpractice resulted in Hildreth having to pay the full amount of Margaret Barry's judgment. The court denied those branches of J & S's motion which were for summary judgment dismissing the second cause of action alleging legal malpractice resulting in emotional distress and damage to reputation and the third cause of action alleging breach of contract.

New York Central appeals and Hildreth cross-appeals.

New York Central's obligation to disclaim arose when it learned in August 2002 that Hildreth had settled her action against Robert Barry without its consent (*see McEachron v State Farm Ins. Co.*, 7 AD3d 929 [2004]; *Matter of Allstate Ins. Co. v Palermo*, 226 AD2d 457 [1996]; *Matter of Glens Falls Ins. Co. v Smith*, 221 AD2d 529 [1995]). New York Central never disclaimed. New York Central's reservation of rights letter dated November 17, 2003 was not a disclaimer. A reservation of rights letter may be used to rebut a claim that the carrier waived the right to disclaim by defending its insured (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *Gerka v Fidelity & Cas. Co.*, 251 NY 51 [1929]). However, in the instant case, the reservation of rights letter was issued more than one year after New York Central learned of the settlement and more than six months after the trial on liability. By continuing to defend the insured for more than one year after it learned of the settlement, New York Central waived its right to disclaim a duty to indemnify (*see General Acc. Ins. Co. of Am. v Metropolitan Steel Indus., Inc.*, 9 AD3d 254 [2004]). Judgment was properly entered against it for Margaret Barry's damages and New York Central has no cause of action against Hildreth.

With respect to New York Central's claims against Robert

Barry and GMAC, this Court has held that where an insured's claim against a tortfeasor is barred by a general release given to the tortfeasor, "[t]he authorities are in agreement that a release given to a tortfeasor who has knowledge of the insurer's rights will not preclude the insurer from enforcing its right of subrogation against the wrongdoer" (*Silinsky v State-Wide Ins. Co.*, 30 AD2d 1, 3 [1968]; *see Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY 37 [1925]; *Travelers Prop. Cas. v Giorgio*, 21 AD3d 1086, 1087 [2005]). However, an "essential element" of a subrogation cause of action is "payment by the insurer" (*Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., supra* at 54; *see Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 582 [1995]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d 643, 644 [2006]; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 235 AD2d 523, 525 [1997]). New York Central elected to pursue the instant action before making any payment. Accordingly, it failed to satisfy an essential element of a subrogation cause of action and is not entitled to monetary or declaratory relief (*see Employers' Fire Ins. Co. v Klemons*, 229 AD2d 513, 514 [1996]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.