■ LUCY LIPINER, Plaintiff, and EDWARD LIPINER, Plaintiff and Third-Party Defendant-Appellant, v DAWN M. SANTOLI, Defendant and Third-Party Plaintiff-Respondent. [876 NYS2d 476]—

In an action to recover damages for personal injuries, the plaintiff third-party defendant, Edward Lipiner, appeals from an order of the Supreme Court, Kings County (Balter, J.), dated September 24, 2008, which, in effect, denied his motion to dismiss the defendant and third-party plaintiff's counterclaim and the third-party complaint on the ground of release.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the defendant and third-party plaintiff's counterclaim and the third-party complaint on the ground of release is granted.

This action stems from a motor vehicle accident between a car owned and operated by the plaintiff and third-party defendant, Edward Lipiner, and one owned and operated by the defendant and third-party plaintiff, Dawn Santoli. The plaintiff Lucy Lipiner was a passenger in the Lipiner vehicle. Santoli first commenced an action against Edward Lipiner seeking to recover for personal injuries which she allegedly sustained as a result of the accident. The plaintiffs then commenced the instant action to recover damages arising from the same accident. Santoli interposed an answer to that complaint without asserting a counterclaim, but she subsequently brought a third-party action against Edward Lipiner seeking contribution and/or indemnification. Thereafter, in consideration of a $3,000 payment, Santoli executed a general release in favor of Edward Lipiner, and discontinued her personal injury action against him.

Counsel for the parties then entered into a stipulation allowing Santoli to amend her answer to assert a counterclaim against Edward Lipiner, and she thereafter asserted a counterclaim against Edward Lipiner for contribution and indemnification. However, Edward Lipiner then moved to dismiss the counterclaim and the third-party complaint pursuant to CPLR 3211 (a) (5) as barred by the general release. The Supreme Court denied the motion without an explanation. We reverse.

The general release executed by Santoli is neither vague nor ambiguous, and it releases Edward Lipiner from "all actions, causes of action, suits . . . damages, judgments . . . . whatsoever from the beginning of the world to the day of the date of this Release." It is also undisputed that Santoli was represented by counsel at the time of the release and that she "willingly" executed the release. Moreover, at the time of the execution of the release, this action had been commenced and the third-party complaint, which also sought contribution and indemnification, had been interposed.

Under these facts and circumstances, Santoli's unsubstantiated allegation that she did not intend the release to bar her contribution/indemnification claim against Edward Lipiner was insufficient to defeat the motion to dismiss (see General Obligations Law § 15-108 [a], [c]; *Barry v Hildreth*, 9 AD3d 341 [2004]; *Touloumis v Chalem*, 156 AD2d 230 [1989]; *see also McNally v Corwin*, 30 AD3d 482 [2006]; cf. *Tarantola v Williams*, 48 AD2d 552 [1975]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.