■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ROBERT T. BARRY, Respondent. [884 NYS2d 61]—

In an action for equitable subrogation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated October 9, 2008, which denied its motion for summary judgment on its claim for contribution against the defendant, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on its claim for contribution against the defendant is granted, the defendant's cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $175,000.

The facts of this case are set forth in prior appeals to this Court relating to this matter (*see Barry v Hildreth*, 9 AD3d 341 [2004]; *New York Cent. Mut. Fire Ins. Co. v Hildreth*, 40 AD3d 602 [2007]).

Contrary to the defendant's contention, the plaintiff established its entitlement to judgment as a matter of law. The plaintiff's claim for equitable subrogation was not barred by the

general release executed by the plaintiff's insured (*see Fasso v Doerr*, 12 NY3d 80, 88 [2009]; *Aetna Cas. & Sur. Co. v Bekins Van Lines Co.*, 67 NY2d 901, 902 [1986]; *Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY 37 [1925]; *Group Health, Inc. v Mid-Hudson Cablevision, Inc.*, 58 AD3d 1029 [2009]; *New York Cent. Mut. Fire Ins. Co. v Hildreth*, 40 AD3d 602 [2007]; *Travelers Prop. Cas. v Giorgio*, 21 AD3d 1086 [2005]; *Lesnick & Mazarin v Cutler*, 255 AD2d 367 [1998]; *Silinsky v State-Wide Ins. Co.*, 30 AD2d 1, 3 [1968]). Further, the plaintiff's claim was not barred by collateral estoppel. The plaintiff's insured's apparent abandonment, pursuant to CPLR 3215 (c), of a counterclaim against the defendant for contribution cannot be characterized as an adjudication on the merits (*see Sanders v Marino Falcone Brick Contr.*, 133 AD2d 342 [1987]), precluding further litigation (*see Bank of N.Y. v LS Monticello JV*, 209 AD2d 464 [1994]; *see Peterson v Troy*, 96 AD2d 856 [1983]). In opposition, the defendant failed to raise a triable issue of fact.

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.