Andrias, J.P.,
dissents in a memorandum as follows: I do not believe that either plaintiff-insurer’s January 31, 2008 or February 26, 2008 letters, both of which plaintiff styled as a reservation of rights, may serve as an effective written notice of disclaimer of coverage of the assault and battery based claims against defendant Jinx-Proof in the underlying litigation. Therefore, I dissent and would modify the order on appeal to deny plaintiffs motion for summary judgment and to declare that plaintiff is obligated to defend Jinx-Proof in the underlying action.
Defendant Vera Hendrix commenced the underlying action to recover for injuries she allegedly sustained on August 25, 2007, when, during an altercation in a bar, defendant Garret Alarcon, a security guard employed by Jinx-Proof, threw a glass at her face. Plaintiff initially undertook the defense of the underlying litigation pursuant to a commercial general liability (GCL) policy it issued to Jinx-Proof. In November 2010, after Hendrix’s negligent hiring and supervision and Dram Shop Act claims in the underlying action were dismissed, it commenced this action seeking a declaration that it is not obligated to defend or indemnify any of the defendants on the surviving claims, based on an assault and battery exclusion contained in the policy.
A “disclaimer pursuant to [Insurance Law §] 3420 (d) is necessary when denial of coverage is based on a policy exclusion *514 without which the claim would be covered” (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188-189 [2000]). “[0]nce the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible” (First Fin. Ins. Co. v Jeteo Contr. Corp., 1 NY3d 64, 66 [2003]). A “[f]ailure to comply with section 3420 (d) precludes denial of coverage based on a policy exclusion” (Worcester Ins. Co., 95 NY2d at 189), “even if that ground would otherwise have merit” (Adames v Nationwide Mut. Fire Ins. Co., 55 AD3d 513, 515 [2d Dept 2008]).
Supreme Court correctly determined that the GCL policy would have provided the claimed coverage but for the assault and battery exclusion and that therefore a timely disclaimer was necessary (see Penn-America Group v Zoobar, Inc., 305 AD2d 1116 [4th Dept 2003], lv denied 100 NY2d 511 [2003]; Columbia Cas. Co. v National Emergency Servs., 282 AD2d 346 [1st Dept 2001]). However, the court erred when it found that plaintiffs January 31, 2008 and February 26, 2008 reservation of rights letters served as effective written notices of disclaimer.
A notice of disclaimer should be “unequivocal [ and] unambiguous written notice, properly served” (Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi, 121 AD2d 276, 277 [1st Dept 1986], lv denied 68 NY2d 611 [1986]). “A reservation of rights letter may be used to rebut a claim that the carrier waived the right to disclaim by defending its insured” (New York Cent. Mut. Fire Ins. Co. v Hildreth, 40 AD3d 602, 606 [2d Dept 2007]), but it does not qualify as a timely disclaimer and “has no relevance to the question whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage” (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029 [1979]; see also NYAT Operating Corp. v GAN Natl. Ins. Co., 46 AD3d 287, 288 [1st Dept 2007], lv denied 10 NY3d 715 [2008]).
By its own terms, the January 31, 2008 letter is clearly a reservation of the right to disclaim, not a disclaimer. In the letter, plaintiff advised Jinx-Proof that “[biased on the information presently available to us, it is possible your policy with our company may not provide coverage,” and that “we are making this reservation of rights because your policy specifically excludes coverage for actions and proceedings to recover damages for bodily injuries arising from assault and batteries” (emphasis added). Thus, plaintiff did not definitively disclaim coverage, but rather reserved its right to do so.
In the February 26, 2008 letter, plaintiff confirmed that the January 31, 2008 letter was a reservation of rights, stating that *515 “[a]s previously stated in our Reservation of right letter to you dated January 31, 2008 we are defending this matter under the Liquor Liability portion of the CGL coverage, and under strict reservation of rights for allegations of Assault and Battery.” In its verified complaint, plaintiff describes the February 26, 2008 letter as a “reservation of rights letter”; this constitutes a formal judicial admission (see e.g. Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673, 673-674 [2010]). In addition, plaintiff’s counsel’s affidavit stating that plaintiff “did not issue a denial” constitutes an informal judicial admission that the letter was intended as a reservation of rights, not a disclaimer (see e.g. Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996]).
The majority believes that these admissions are immaterial and that the January 31, 2008 and February 26, 2008 letters served as effective notices of disclaimer in that they apprised Jinx-Proof in no uncertain terms that coverage was barred by the assault and battery exclusions of the policy. However, the letters are far from clear.
The January 31, 2008 letter stated that plaintiff “will not be defending or indemnifying you under the General Liability portion of the policy for the assault and battery allegations.” However, it mistakenly stated that there was no liquor liability coverage under the policy and concluded that plaintiff was “reserv[ing] all rights under the policy” and that Jinx-Proof “ha[d] the right to accept or reject this Reservation of Rights agreement” (emphasis added).
The February 26, 2008 letter stated that “[y]our policy excludes coverage for assault and battery claims.” However, it only advised Jinx-Proof that “should this matter proceed to verdict, any awards by the Court stemming from allegations of Assault and Battery will not be covered under your Commercial General Liability policy.” It did not state that no defense would be provided, or that coverage would not exist if the matter were settled or resolved by means other than a verdict.
The February 26, 2008 letter also advised Jinx-Proof that “contrary to [the January 31, 2008] letter, your CGL policy does maintain Liquor Liability coverage with limits as stated.” The letter did not detail the scope of that coverage, which is a separate coverage part and not a mere portion of the commercial liability coverage part, and did not state whether the assault and battery conclusion applied to the liquor liability coverage. Further, the February 26, 2008 letter was not sent to the injured party (see Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648-649 [2001]).
*516 Accordingly, neither of plaintiff’s admitted reservation of rights letters, which contain contradictory and confusing language, can be construed as an unequivocal and unambiguous disclaimer of coverage. Because plaintiff failed to timely disclaim coverage based on its policy exclusion, it should be obligated to defend Jinx-Proof, in the underlying action. [Prior Case History: 2011 NY Slip Op 32237(U).]