■ In the Matter of INTERBORO INSURANCE COMPANY, Respondent, v VIOLETTA STEED et al., Respondents. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Proposed Additional Respondent-Appellant, et al., Proposed Additional Respondents. [980 NYS2d 1]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 11, 2012, which, insofar as appealed from, granted the petition of Interboro Insurance Company to the extent of granting a temporary stay pending a framed issue hearing to determine whether the vehicle owned by the proposed additional respondents was insured on the date of the loss, unanimously affirmed, without costs.

Proposed additional respondent-appellant State Farm Mutual Insurance Company has been brought into this court proceeding to determine whether the proposed individual respondents were insured at the time of the alleged accident. The order is appealable, since it affects a substantial right (CPLR 5701 [a] [2] [v]), in that "it would force one party or the other to submit to a lengthy expensive hearing" (*General Elec. Co. v Rabin*, 177 AD2d 354, 356-357 [1st Dept 1991]).

Considering State Farm's argument, dismissal of the underlying personal injury action pursuant to CPLR 3215 (c) for the abandonment of a complaint was not a dismissal on the merits (*see Lincoln First Bank of Rochester v Palmyra Motors*, 84 AD2d 670, 670 [4th Dept 1981]; *see also New York Cent. Mut. Fire Ins. Co. v Barry*, 63 AD3d 892, 893 [2d Dept 2009]; *Shepard v St. Agnes Hosp.*, 86 AD2d 628, 630 [2d Dept 1982]). The motion

court did not state that respondents' complaint was being dismissed on the merits, and so, respondents were not precluded from requesting arbitration of the insurance coverage issue. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Gische, JJ.