# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1141

CA 14-00496

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

JOSEPH A. LAUTO, JR., PLAINTIFF-RESPONDENT,
ET AL., PLAINTIFF,

V                                              MEMORANDUM AND ORDER

CATHOLIC HEALTH SYSTEM, INC., DOING BUSINESS AS
KENMORE MERCY HOSPITAL, DEFENDANT-APPELLANT.

---

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (DAVID M. STILLWELL OF
COUNSEL), FOR DEFENDANT-APPELLANT.

ROLAND M. CERCONE, PLLC, BUFFALO (ROLAND M. CERCONE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May
31, 2013. The order and judgment awarded plaintiff Joseph A. Lauto,
Jr., money damages upon a jury verdict.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: In this medical malpractice case involving a
surgical instrument left in plaintiff's body during a surgery,
defendant appeals from an order and judgment awarding Joseph A. Lauto,
Jr. (plaintiff), damages, upon a jury verdict, of $115,000 for past
pain and suffering. Supreme Court denied defendant's posttrial motion
for remittitur with respect to the award. Contrary to defendant's
contention, we conclude that the award is not excessive and does not
deviate materially from what would be reasonable compensation (*see*
CPLR 5501 [c]; *see also Hotaling v Corning Inc*., 12 AD3d 1064, 1066).

Even assuming, arguendo, that the court erred in precluding
defendant's nursing staff from providing opinion testimony at trial,
as defendant contends, we conclude that the error is harmless.
Defendant contends that it was prejudiced by the court's error because
it was unable to elicit the opinions of the nursing staff with respect
to the possible negligence of the surgeon who performed the surgery,
the operating room procedures, and the surgical instrument that was
left in plaintiff's body. We reject that contention. First, a nurse
would not be allowed to provide opinion testimony on the standard of
care to be applied to a medical doctor (*see Elliot v Long Is. Home,
Ltd.*, 12 AD3d 481, 482; *Dombrowski v Moore*, 299 AD2d 949, 951).
Second, there were two nurses who testified at trial, but the record

establishes that neither of them had any independent recollection of the surgery.  We therefore conclude that the testimony of the nurses would have had no probative value in aiding the jury to determine whether defendant should be held liable for medical malpractice (*see generally Friedmann v New York Hosp.-Cornell Med. Ctr.*, 65 AD3d 850, 850-851).

We reject defendant's further contention that the court erred in denying its request to have the surgeon listed on the verdict sheet so that the jury could apportion any potential liability to him. Inasmuch as the case was discontinued against the surgeon before trial, apportioning any potential liability to him would have required defendant to establish that the surgeon "breached a duty to the plaintiff, and that the breach proximately caused the plaintiff's injuries" (*McNally v Corwin*, 30 AD3d 482, 485).  We conclude that defendant failed to meet that burden and, thus, the court did not err in denying defendant's request (*see id.*).

Defendant also contends that the doctrine of res ipsa loquitur should not have been charged to the jury because plaintiff could not establish who had exclusive control over the surgical instrument. Contrary to defendant's contention, it was not necessary for plaintiff to establish as a prerequisite to the application of the doctrine of res ipsa loquitur which individual, i.e., the surgeon or one of the nurses, had exclusive control over the surgical instrument (*see Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828, *lv denied* 96 NY2d 710; *see also Backus v Kaleida Health*, 91 AD3d 1284, 1286; *see generally LaPietra v Clinical & Interventional Cardiology Assoc.*, 6 AD3d 1073, 1074).

Finally, defendant failed to preserve its contention that the court erred in denying its application to question plaintiff about other medical conditions that may have been related to plaintiff's joint pain allegedly caused by defendant's medical malpractice (*see* CPLR 5501 [a] [3]).

All concur except DEJOSEPH, J., who concurs in the result in the following Memorandum:  I concur in the result reached by the majority, but I write separately to address defendant's contention, with which I agree, that Supreme Court erred in precluding its nursing staff from providing opinion testimony at trial.  Although I agree with the majority that the error is harmless, I note that "CPLR 3101 (d) (1) applies only to experts retained to give opinion testimony at trial, and not to treating physicians, other medical providers, or other fact witnesses" (*Rook v 60 Key Ctr.*, 239 AD2d 926, 927) and, thus, the court's reliance upon CPLR 3101 (d) (1) in precluding opinion testimony from the nurses was misplaced.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court