■ JAMES M. McNAUGHTON, Appellant, v JOAN MASLYN, Respondent. [699 NYS2d 797] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Lomanto, J.), entered August 5, 1998 in Schenectady County, upon a jury verdict rendered in favor of defendant, and (2) from an order of said court, entered October 20, 1998 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

Plaintiff brought this action to recover for personal injuries he sustained in an August 10, 1994 collision between his motorcycle and defendant's automobile at the intersection of Albany Shaker and Wolf Roads in the Town of Colonie, Albany County. At the time, plaintiff was traveling east on Albany Shaker Road and defendant was making a left turn onto Wolf Road from the westbound left-turn lane of Albany Shaker Road. The primary question for the jury's consideration on the issue of liability was whether a green left-turn arrow authorized defendant's movement into the intersection. Plaintiff appeals from a jury verdict in favor of defendant and from the denial of his subsequent motion to set aside the verdict as against the weight of the evidence.

We affirm. Initially, we are not persuaded that the jury's verdict was against the weight of the evidence. A jury's verdict—particularly one rendered in favor of a defendant in a negligence action—will not be disturbed unless the evidence is found to preponderate so heavily in favor of the losing party that "the jury could not have reached its verdict on any fair interpretation of the evidence" (*Rosabella v Fanelli*, 225 AD2d 1007, 1008; *see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). So long as sufficient evidence has been presented, the jury's verdict will be sustained even if other evidence in the record would support a contrary verdict (*see, Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 947). Notably, both defendant and an entirely disinterested witness, Harold Paulsen, testified that the left-turn arrow was green at the time of the accident and, based upon our reading of the record, plaintiff's characterization of those witnesses' testimony as "contradictory", "inconsistent", "implausible" and "inherently unreliable" is not persuasive.

In view of the jury's conclusion that plaintiff's injuries were not proximately caused by defendant's negligence, there is no need to consider whether Supreme Court erred in denying plaintiff's motion for leave to serve an amended or supplemental bill of particulars alleging additional injuries claimed to be causally related to the accident. We have considered plaintiff's remaining contention and find it meritless.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, with costs.