■ THOMAS M. McEACHRON, Appellant, v STATE FARM INSURANCE COMPANY, Respondent. [777 NYS2d 553]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered August 9, 2002 in Albany County, upon a verdict rendered in favor of defendant.

On a prior appeal, we held that Supreme Court correctly denied defendant's motion for summary judgment since a ques-

tion of fact existed concerning the timeliness of the disclaimer of the supplementary underinsured motorist coverage (hereinafter SUM) (295 AD2d 685 [2002]). At trial, after both sides had rested, plaintiff moved for a directed verdict on this issue. Supreme Court reserved decision and submitted the case to the jury. It determined that defendant did not unreasonably delay in giving written notice of disclaimer of SUM coverage and that defendant was not estopped from disclaiming as a result of its conduct. Plaintiff moved for judgment notwithstanding the verdict on the timeliness issue only. Supreme Court then denied both motions and plaintiff appeals.

First, as to the estoppel issue, plaintiff argues that defendant, by its misleading conduct, representations and unreasonable delay, waived the requirement of consent, acquiesced in the settlement of the underlying action and is estopped as a matter of law from denying SUM coverage. We first observe that at the commencement of trial, plaintiff insisted that the estoppel issue was one of fact to be presented to the jury, that the jury adversely determined the issue as to plaintiff and that plaintiff made no posttrial motion addressed to the estoppel issue. In this procedural posture, the appropriate standard for appellate review is whether the evidence so preponderated in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *McNaughton v Maslyn*, 267 AD2d 741, 741 [1999]). This weight of the evidence analysis leads us to conclude that the judgment should be affirmed.

With respect to plaintiff's claim that defendant engaged in misleading conduct and made misrepresentations, we note that the record reveals that plaintiff's counsel settled the underlying action against Nationwide Insurance Company's insured by having his client execute a general release on July 30, 1998, by executing a stipulation discontinuing the action dated July 28, 1998, and by mailing these documents to Nationwide by letter dated July 29, 1998. Plaintiff's claim of misleading conduct or misrepresentation stems from a telephone conversation that his counsel had with one of defendant's employees on August 3, 1998. All other claims of this nature are subsequent to that date. These referenced documents, all submitted as trial exhibits, furnish a rational basis for the jury to determine that plaintiff settled the underlying lawsuit before any conversation with defendant's employees occurred. Thus, plaintiff could not have been misled by defendant's employees into prematurely settling the underlying action without obtaining a written consent of defendant.

With respect to the timeliness of the disclaimer issue, the jury heard testimony that it was defendant's employee who called plaintiff's counsel on August 3, 1998 to advise that his SUM inquiry had originally been sent to the wrong insurance company, but that company had forwarded it to her. Thereafter, this employee forwarded the file to another of defendant's employees who handled SUM coverage claims. This employee tried to contact plaintiff's counsel, who did not return her telephone calls. On August 28, 1998, when the two did speak, plaintiff's counsel insisted that he had obtained written consent to the underlying settlement and that he would fax it to defendant's employee. After waiting a reasonable time and not having received the fax, defendant sent a reservation of rights letter to plaintiff's counsel. On September 28, 1998, defendant received documentation from Nationwide confirming that the underlying action had been settled without its written consent. Under these circumstances, the jury could rationally conclude that defendant's disclaimer letter of October 9, 1998 was timely. We thus conclude that the jury's verdict was not contrary to the weight of the credible evidence.

Plaintiff nevertheless argues that, as a matter of law, the evidence was insufficient to sustain the verdict that the disclaimer was timely. In support of this argument, plaintiff ignores the reasons why the disclaimer was not sent prior to October 9, 1998, and argues that since defendant's employee knew on August 3, 1998 that a SUM claim was going to be made, the intervening 68 days is, as a matter of law, untimely. The appropriate standard for review of a claim that a verdict is supported by insufficient evidence as a matter of law is set forth in *Cohen v Hallmark Cards* (45 NY2d 493, 499 [1978]). This standard is much more rigorous than the weight of evidence review and a court may not conclude that the verdict is not supported by the evidence as a matter of law unless it would be "utterly irrational for a jury to reach the result" that it did (*id.* at 499). Our recitation of the relevant facts demonstrates that the evidence is not insufficient as a matter of law.

We have reviewed the balance of plaintiff's arguments and find them to be without merit.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.