■ DAVID S. BROWN et al., Appellants, v JASON T. DRAGOON et al., Respondents. [784 NYS2d 175]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered December 19, 2002 in Clinton County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered February 12, 2003 in Clinton County, which denied plaintiffs' motion to set aside the verdict.

Peru Street (or as it is sometimes referred to in the record—South Peru Street) in the City of Plattsburgh, Clinton County, is also Route 9 and runs north and south. In close proximity, it is intersected on the east side obliquely by Pike Street from the northeast and Hamilton Street from the southeast so that the intersecting streets and Peru Street form an intersection resembling a "K." Pike Street is north of Hamilton Street and is one way for a portion of its length nearest the intersection with Peru Street.

At approximately 10:30 P.M. on June 21, 2001, plaintiff David S. Brown (hereinafter plaintiff) was operating his motorcycle north on Peru Street. He testified that at that time he observed two vehicles, the first being driven by defendant Jason T. Dragoon and the second by defendant Christopher R. Dubay as they drove the wrong way on Pike Street, entered Peru Street, traveled south and cut across the northbound lane of Peru Street into Hamilton Street. Plaintiff further testified that these vehicles were in such close proximity to each other that they completely blocked his way causing him to apply his brakes with such force that his motorcycle tipped over and he slid through the intersection, sustaining severe personal injuries. Both Dragoon and Dubay testified that they had agreed to go to the home of a mutual friend, but since Dragoon knew its location and Dubay did not, Dubay was to follow Dragoon. Both admitted that they inadvertently drove the wrong way on Pike Street, not realizing that it changed from a two-way to a one-way street at some point after they entered it. Dragoon testified that although he was aware that Dubay was following him, he

did not know at what distance. Dubay testified that he was three or four car lengths behind Dragoon. Dragoon stated that he paused at the intersection of Pike and Peru Streets, turned left, paused again at the intersection with Hamilton Street and, observing no oncoming traffic, turned into Hamilton Street. He testified that he pulled over and stopped on Hamilton Street. Dubay testified that as he was waiting to make his turn into Hamilton Street, he observed plaintiff and his motorcycle slide by within two feet of the driver's side of his car. Dubay then made the turn, got out of his car, called to Dragoon "Man down! Man down!" and both went back to assist plaintiff.

At the close of proof, Supreme Court charged the jury both with the principles governing common-law negligence and the principles involving the violation of a statute as evidence of negligence, with specific reference to Vehicle and Traffic Law § 1127 (a) (one-way traffic) and 1141, which the court charged in the following language: "The driver of a vehicle intending to turn to the left within an intersection shall yield the right-of-way to any vehicle approaching from the opposite side which is within the intersection or so close to constitute an immediate hazard." The verdict sheet, submitted without objection from plaintiffs' counsel, contained only questions concerning whether each defendant was negligent for having violated Vehicle and Traffic Law §§ 1127 and/or 1141 and did not contain any question concerning common-law negligence violations. The jury found that both defendants had violated Vehicle and Traffic Law § 1127, but that such violations were not a substantial factor in causing the accident. The jury found that neither defendant had violated Vehicle and Traffic Law § 1141.

Plaintiffs moved to set aside the verdict as against the weight of the evidence and for failure of the verdict sheet to contain an interrogatory based on common-law negligence. Supreme Court denied the motion and plaintiffs appeal from the judgment and order.

First, we conclude that the verdict sheet issue has not been preserved for our review. Plaintiffs' counsel failed to object to the contents of the verdict sheet either at the charge conference or prior to submission of the case to the jury. Moreover, it appears from the record that counsel acquiesced in the form of the verdict sheet and specifically did not request that Supreme Court include any question concerning common-law negligence (*see Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 894 [2004]; *Strach v Doin*, 288 AD2d 640, 642 [2001]). Furthermore, we decline to address this issue in the interest of justice since the omission has no impact on the overall fairness of the

trial (*see Tel Oil Co. v City of Schenectady*, 303 AD2d 868, 872-873 [2003]; *Caceres v New York City Health & Hosps. Corp.*, 74 AD2d 619, 620 [1980]). Plaintiffs' case was predicated on the violation of the two specific provisions of the Vehicle and Traffic Law (as was made clear by his agreement to limit the verdict sheet to these issues) and by the absence of any other evidence of negligence.

We test whether the verdict is against the weight of the evidence by looking to see whether " 'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995], quoting *Moffatt v Moffatt*, 86 AD2d 864, 864 [1982], *affd* 62 NY2d 875 [1984]; *see McEachron v State Farm Ins. Co.*, 7 AD3d 929, 930 [2004]). Obviously, the jury had to make a credibility determination as to whether plaintiff's version or defendants' versions more accurately described how the accident happened. With respect to Dubay, the jury could have easily concluded, on the basis of his testimony, that he did not turn immediately in front of plaintiff, causing plaintiff to lose control of his vehicle. The evidence with respect to Dragoon is more problematic. All witnesses agreed that Dragoon had turned into Hamilton Street prior to plaintiff losing control of his motorcycle. Nevertheless, if the jury credited Dubay's testimony that he was three or four car lengths behind Dragoon, they could have concluded, under the charge given, that plaintiff had not yet entered the intersection or was not so close as to constitute an immediate hazard when Dragoon turned left from Peru Street into Hamilton Street. Thus, we cannot say that the evidence so preponderated in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed, with one bill of costs.