■ In the Matter of JAYDA D.-B., a Child Alleged to be Neglected. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER D., Appellant. [822 NYS2d 723]—

In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Rockland County (Christopher, J.), dated November 3, 2005, which, after a hearing, and upon a fact-finding order of the same court dated May 16, 2005, made after a hearing, finding that he had neglected the subject child, inter alia, placed him under the supervision of Rockland County Child Protective Services for a period of one year.

Ordered that the notice of appeal from the fact-finding order is deemed a premature notice of appeal from the order of disposition (see CPLR 5520 [c]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, Rockland County Department of Social Services proved by a preponderance of the evidence at the fact-finding hearing that the father neglected the subject child "by engaging in acts of violence against her mother in the presence of the child, thereby creating an imminent danger that the child's physical, mental, and emotional health would be harmed" (Matter of Sanjeeda M., 24 AD3d 445, 446 [2005]; see Matter of Cybill V., 279 AD2d 582, 583 [2001]; Matter of Tami G., 209 AD2d 869, 870 [1994]). While the father denied that any incidents of domestic violence occurred, the court credited the mother's testimony and not the father's. "[W]eigh-[ing] the relative probative force of [the] conflicting testimony as well as conflicting inferences which may be drawn therefrom . . . [and] taking into account that . . . the Trial Judge has the advantage of viewing the witnesses" (Matter of Fasano v State of New York, 113 AD2d 885, 888 [1985]; see We're Assoc. Co. v Rodin Sportswear, 288 AD2d 465, 466 [2001]), we find that the Family Court had a sound and substantial basis in the record for its determination that the father neglected the subject child (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Jennifer R., 29 AD3d 1003 [2006]; Matter of Justina Rose D., 28 AD3d 659 [2006]).

There is no merit to the father's contention that he was denied the effective assistance of counsel at both the fact-finding and dispositional hearings (cf. People v Baldi, 54 NY2d 137, 146-147 [1981]). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.