■ In the Matter of JAMIE R. a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant. [876 NYS2d 883]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and amended disposition of the Family Court, Westchester County (Duffy, J.), entered April 1, 2008, which, after a fact-finding and dispositional hearing, determined that she willfully and without just cause disobeyed a prior dispositional order of the same court dated June 25, 2007, in effect, revoked the prior dispositional order, and placed the child in the custody of the Westchester County Department of Social Services until the completion of the next permanency hearing.

Ordered that the order of fact-finding and amended disposition is reversed, on the law, without costs or disbursements, the child is released to the custody of her mother, and the matter is remitted to the Family Court, Westchester County, for further proceedings.

The petitioner failed to sustain its burden of demonstrating, by competent proof, that the mother willfully and without just cause disobeyed a dispositional order dated June 25, 2007, which directed, inter alia, that she ensure the subject child's timely and regular attendance at school (*see* Family Ct Act § 1072). The evidence at the hearing demonstrated that the mother cooperated with the programs recommended by the Westchester County Department of Social Services to improve the child's school attendance. Further, the mother actively communicated with school officials about the child's fear of attending school, which stemmed from the allegedly threatening behavior of other students, and attempted to alleviate the child's concerns by arranging for her to eat lunch in the school office rather than in the cafeteria. Accordingly, the court should not have revoked the prior order of disposition and placed the child in the custody of the Westchester County Department of Social Services.

In light of our determination, we need not address the mother's remaining contentions. Skelos, J.P., Santucci, Dickerson and Eng, JJ., concur.