■ In the Matter of BRIANA F., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OSWALDO F., Appellant. (Proceeding No. 1.) In the Matter of MATTHEW F., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OSWALDO F., Appellant. (Proceeding No. 2.) [892 NYS2d 526]—

"In a child protective proceeding, the party seeking to establish neglect must show, 'first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Tajani B.*, 49 AD3d 876, 876 [2008], quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, the petitioner proved by a preponderance of the evidence that the father neglected the child Matthew F. The evidence presented at the fact-finding hearing was sufficient to show that the father committed an act of domestic violence during which he demanded that Matthew get him a knife and then held the knife to the mother's throat in Matthew's presence, thereby impairing, or creating an imminent danger of impairing, Matthew's physical, emotional, and mental conditions (*see Matter of Jordan E.*, 57 AD3d 539, 540 [2008]; *Matter of Andrew Y.*, 44 AD3d 1063, 1064 [2007]; *Matter of Tami G.*, 209 AD2d 869, 870 [1994]). The evidence also supports a finding of derivative neglect with respect to the child Briana F. (*see Matter of Cybill V.*, 279 AD2d 582, 583 [2001]; *Matter of Deandre T.*, 253 AD2d 497, 498 [1998]).

Contrary to the father's contention, the Family Court properly directed that he undergo mental health and substance abuse evaluations (*see Matter of Joseph S.*, 63 AD3d 850 [2009]).

The father's remaining contentions are without merit. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.