■ In the Matter of KIARA C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID C., Appellant. [926 NYS2d 566]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) from a decision of the Family Court, Suffolk County (Whelan, J.), dated August 3, 2010, and (2), as limited by his brief, from so much of an order of fact-finding and disposition of the same court dated August 19, 2010, as, upon the decision, made after fact-finding and dispositional hearings, found that he neglected the subject child.

Ordered that the appeal from the decision dated August 3, 2010, is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with

▊▊▊▊▊▊▊▊▊▊▊▊

proper supervision or guardianship (*see Nicholson v Scoppetta,* 3 NY3d 357, 368 [2004]; *see also Matter of Afton C. [James C.],* 17 NY3d 1 [2011]). A minimum degree of care is the care that a reasonable and prudent parent would provide under the circumstances (*see Nicholson v Scoppetta,* 3 NY3d at 370).

While domestic violence may be a permissible basis upon which to make a finding of neglect, "[n]ot every child exposed to domestic violence is at risk of impairment" (*id.* at 375). A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence (*see Matter of Elijah J. [Phillip J.],* 77 AD3d 835 [2010]; *Matter of Briana F. [Oswaldo F.],* 69 AD3d 718 [2010]; *Matter of Jordan E.,* 57 AD3d 539 [2008]; *Matter of Andrew Y.,* 44 AD3d 1063 [2007]; *Matter of Jayda D.-B.,* 33 AD3d 998 [2006]).

Here, a preponderance of the evidence established that the father neglected the subject child by engaging in an act of domestic violence against the mother in the child's presence that created an imminent danger of impairing the child's physical, mental, or emotional condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Elijah J. [Phillip J.],* 77 AD3d 835 [2010]; *Matter of Briana F. [Oswaldo F.],* 69 AD3d 718 [2010]; *Matter of Jordan E.,* 57 AD3d 539 [2008]; *Matter of Andrew Y.,* 44 AD3d 1063 [2007]; *Matter of Jayda D.-B.,* 33 AD3d 998 [2006]; *cf. Nicholson v Scoppetta,* 3 NY3d 357 [2004]). The evidence established that the father slapped the mother while the mother was holding the child, who was only a few weeks old, in her arms, thereby creating an imminent risk of impairing the child's physical, mental, or emotional condition. Moreover, additional evidence established a pattern of domestic violence and intimidation perpetrated by the father.

Accordingly, the Family Court properly found that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the father's failure to exercise a minimum degree of care (*see* Family Ct Act § 1012 [f] [i] [B]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.