In the Matter of ARIELLA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KRYSTAL C., Appellant, et al., Respondent. [934 NYS2d 422]—

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Tajani B.*, 49 AD3d 874, 875 [2008]).

"While domestic violence may be a permissible basis upon which to make a finding of neglect, '[n]ot every child exposed to domestic violence is at risk of impairment.' A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (*Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011] [citation omitted], quoting *Nicholson v Scoppetta*, 3 NY3d at 375; *see Matter of Briana F. [Oswaldo F.]*, 69 AD3d 718, 719 [2010]; *Matter of Jordan E.*, 57 AD3d 539, 540 [2008]).

Here, a preponderance of the evidence established that the mother neglected the subject child by engaging in acts of domestic violence against the father in the child's presence that created an imminent danger of impairing the child's physical, mental, or emotional condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Kiara C.*, 85 AD3d at 1026; *Matter of Jordan E.*, 57 AD3d at 540; *Matter of Andrew Y.*, 44 AD3d 1063, 1064

[2007]). The evidence adduced at the fact-finding hearing established that the mother walked past the father's house with the child, who was then less than six months old, despite having an order of protection against the father. When the mother encountered the father on the street, the father removed the child from her stroller and carried her into his house. Instead of immediately contacting the police, the mother pursued the father into his home and engaged him in a struggle over the child. The mother engaged in a physical altercation with the father in the presence of the child, which she escalated by stabbing the father with a knife. At some point during the altercation, the child was left unattended outside a closed door about three feet away from the parties, which is when the stabbing occurred. Under the circumstances, the Family Court properly determined that, as a result of the mother's conduct, the child's physical, mental, or emotional condition was in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]).

The mother's remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.