■ In the Matter of JADA F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROLYN F., Appellant. [947 NYS2d 595]—

To establish neglect pursuant to Family Court Act § 1012 (f) (i) (B), the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see also* Family Ct Act § 1046 [b] [i]). While domestic violence may be a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), "[n]ot every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375; *Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092, 1093 [2011] [internal quotation marks omitted]). A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence (*see Nicholson v Scoppetta*, 3 NY3d at 375; *Matter of Ariella S. [Krystal C.]*, 89 AD3d at 1093).

Here, a preponderance of the evidence established that the mother neglected the subject child by, inter alia, engaging in acts of domestic violence against her adult daughter, in the child's presence, that created an imminent danger of impairing the child's physical, mental, or emotional condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Ariella S. [Krystal C.]*, 89 AD3d at 1093-1094; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]).

The mother's remaining contentions are without merit. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.