■ In the Matter of EUGENE S., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PRISCILLA E., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DAKOTA S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PRISCILLA E., Appellant, et al., Respondent. (Proceeding No. 2.) [979 NYS2d 834]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Supreme Court, Westchester County (IDV Part) (Capeci, J.), entered August 21, 2012, which, after fact-finding and dispositional hearings, inter alia, found that she neglected the subject children.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, contrary to the mother's contention, a preponderance of the evidence established that she neglected the subject children by, inter alia, engaging in certain acts of domestic violence in the children's presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Matter of Amelia V.M.B. [Davidson B.]*, 107 AD3d 980 [2013]; *Matter of Michael G.C. [Michael C.]*, 103 AD3d 890 [2013]; *Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092 [2011]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026 [2011]; *Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]; *cf. Nicholson v Scoppetta*, 3 NY3d 357 [2004]; *Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127 [2012]).

The mother's remaining contentions are without merit. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.