■ In the Matter of DIANCA V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JADY P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of GILBERT C., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JADY P., Appellant, et al., Respondent. (Proceeding No. 2.) [979 NYS2d 825]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Schauer, J.), entered June 29, 2012, which, after fact-finding and dispositional hearings, inter alia, found that she neglected the subject children.

Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, and the petitions insofar as asserted against the mother are denied.

To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]).

Here, the petitioner failed to establish by a preponderance of the evidence that the mother neglected her children (*see Matter of Dallas C. [Dusty M.C.—Richard C.]*, 103 AD3d 631, 631 [2013]; *Matter of Anissa A.P. [Gasmelba B.]*, 96 AD3d 853, 853 [2012]). Accordingly, the petitions insofar as asserted against the mother should have been denied.

As a result of our determination, the mother's remaining contentions have been rendered academic. Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.