■ In the Matter of MELADY S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ELIO S., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of LEAH J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ELIO S., Respondent, et al., Respondent. (Proceeding No. 2.) In the Matter of DESTINY S.J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ELIO S., Respondent, et al., Respondent. (Proceeding No. 3.) [41 NYS3d 547]—

Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated October 1, 2015. The order, insofar as appealed from, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that

the father neglected the subject children, dismissed the neglect petitions insofar as asserted against the father.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petitions are reinstated insofar as asserted against the father, a finding is made that the father neglected the children Melady S. and Leah J., and derivatively neglected the child Destiny S.J., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). "A minimum degree of care is the care that a reasonable and prudent parent would provide under the circumstances" (*Matter of Kiara C. [David C.]*, 85 AD3d at 1026). While domestic violence may be a permissible basis upon which to make a finding of neglect, "[n]ot every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (*Matter of Kiara C. [David C.]*, 85 AD3d at 1026; *see Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]). "While the credibility findings of a hearing court are accorded deference, we are free to make our own credibility assessments and, where proper, make a finding of neglect based upon the record before us" (*Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247, 1247 [2011] [citations omitted]).

Here, a preponderance of the evidence established that the father neglected the children Melady S. and Leah J., and derivatively neglected the child Destiny S.J., by engaging in a pattern of domestic violence against the mother in the children's presence that created an imminent danger of impairing the children's physical, mental, or emotional condition (*see Matter of Kiara C. [David C.]*, 85 AD3d at 1026; *Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]; *Matter of Jordan E.*, 57 AD3d 539, 540 [2008]). The evidence at the fact-finding

hearing established that the father stated in the presence of a case supervisor that he "always hit" the mother because she was "always saying stupid stuff." Further, a caseworker testified that one of the children told her that the father and mother fought in the children's presence, and the children's foster mother testified that the same child told her that her "poppy was fighting her mommy." "In a child protective proceeding, unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect" (*Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 925 [2015]). The child's out-of-court statements were corroborated by, inter alia, the father's admission to striking the mother, evidence that the mother sustained bruising, and the foster mother's observations that the father's hands were scratched, which the father attributed to "boxing." Moreover, under the circumstances, it is appropriate to draw a negative inference against the father for his failure to testify at the fact-finding hearing (*see Matter of Zaire D. [Benellie R.]*, 90 AD3d 923, 923 [2011]; *Matter of Tajani B.*, 49 AD3d 876, 877 [2008]).

Accordingly, the Family Court should not have dismissed the petitions insofar as asserted against the father, but rather, should have made a finding that the father neglected the subject children Melady S. and Leah J., and derivatively neglected the child Destiny S.J., and conducted a dispositional hearing and entered dispositions thereafter. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.