Matter of Patrick M. (Patrick M.M.) (2018 NY Slip Op 08022)





Matter of Patrick M. (Patrick M.M.)


2018 NY Slip Op 08022


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-10812
 (Docket Nos. N-2598-16, N-2599-16, N-2600-16, N-2601-16)

[*1]In the Matter of Patrick M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Patrick M.M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Georgia M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Patrick M.M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Luke M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Patrick M.M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Liam M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Patrick M.M. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 4)


Patrick M. M., Cornwall, NY, respondent-appellant pro se.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for petitioner-respondent.
Gary E. Eisenberg, New City, NY, attorney for the children.



DECISION & ORDER
In related neglect proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Orange County (Carol S. Klein, J.), entered September 12, 2017. The order of disposition, after a hearing, and upon an order of fact-finding of the same court dated July 28, 2017, finding that the father neglected the four subject children, placed the home of the father and the children under the supervision of the Orange County Department of Social Services for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed the [*2]home of the father and the subject children under the supervision of the Orange County Department of Social Services for a period of 12 months is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother and the father neglected the four subject children. The mother consented to a neglect finding without admission, while the petition against the father proceeded to a hearing. At the hearing, the Family Court heard the testimony of two caseworkers for the petitioner, and also considered the testimony of the mother as given in her related proceeding pursuant to Family Court Act article 8 against the father. The court found that the father neglected the four subject children.
The appeal from so much of the order of disposition as placed the home of the father and the four subject children under the supervision of the Orange County Department of Social Services for a period of 12 months, is academic, as it has expired by its own terms (see Matter of Jamiah C. [Vitocria O.], 162 AD3d 1012).
A preponderance of the evidence supports the Family Court's neglect finding against the father (see Family Ct Act §§ 1012[f][i][A], [B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368).
The neglect finding as to all four children is supported by evidence that the children's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the father's commission of acts of domestic violence in the children's presence (see Matter of Eric P. [Omar P.], 155 AD3d 1041; Matter of Melady S. [Elio S.], 144 AD3d 926; Matter of Kiara C. [David C.], 85 AD3d 1025). The Family Court erred in considering the testimony of the mother taken at the hearing in the article 8 proceeding without first determining that the mother was not available to testify (see CPLR 4517[a][3]). However, there was no objection to the receipt of that testimony, and the error was harmless, as there was sufficient evidence of neglect without considering that testimony (see Matter of Kinara C. [Jerome C.], 89 AD3d 839), including prior orders made by the same court in the article 8 proceeding (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126; Matter of Khatibi v Weill, 8 AD3d 485).
The father's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court