Matter of Cerise M. (Michael M.) (2019 NY Slip Op 08193)





Matter of Cerise M. (Michael M.)


2019 NY Slip Op 08193


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04793
2018-12704
 (Docket No. N-24106-17)

[*1]In the Matter of Cerise M. (Anonymous). Administration for Children's Services, respondent;
and
Michael M. (Anonymous), appellant.


Tennille M. Tatum-Evans, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Julie Steiner of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated March 26, 2018, and (2) an order of disposition of the same court (Melody Glover, J.) dated May 22, 2018. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject child to the custody of the nonrespondent mother under the supervision of a child protective agency for a period of six months and placed the father under the supervision of the Administration for Children's Services until November 22, 2018.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the child to the custody of the nonrespondent mother under the supervision of a child protective agency for a period of six months and placed the father under the supervision of the Administration for Children's Services until November 22, 2018, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child, his then two-year-old daughter, by engaging in two incidents of domestic violence against the mother in the presence of the child.
At a fact-finding hearing, the mother testified about two incidents of violence perpetrated against her by the father in the presence of the child. The mother testified that, during a May 2017 incident, the father ran at her screaming, causing the child to cry and say, "Daddy, stop," and that during that incident the mother locked herself and the child in a bedroom to escape the father's verbal abuse. According to the mother, the father then broke down the door, causing a piece of molding to fly across the room, landing near the child. She also testified that, once in the room, the father pushed her out of the way, grabbed the child, and walked out of the room, and that the child became upset and screamed, "Mommy. Mommy, come back." The mother also testified that, in August 2017, the father ran up to her as she was playing with the child, pressed his forehead against the mother's forehead, and screamed profanities at her, causing the child to cry, and that, following that incident, the child started to repeat the father's insults to the mother.
Although the father did not deny that arguments with the mother occurred in May and August of 2017, he testified that each incident consisted solely of verbal arguments in the presence of the child and denied ever raising his voice or using abusive language towards the mother. The father further testified that during the May 2017 incident, he inadvertently broke the locked bedroom door while knocking on it. The father testified that the August 2017 argument involved no yelling, he was never physically close to the mother and had stayed at least five feet from her during the incident, and he was "shocked" at the claim that he used abusive language toward the mother.
After the fact-finding hearing, the Family Court found that the father neglected the child. Thereafter, the court issued an order of disposition releasing the child to the custody of the mother under the supervision of a child protective agency for a period of six months and placing the father under the supervision of ACS until November 22, 2018. The father appeals.
The appeal from so much of the order of disposition as released the child to the mother's custody under the supervision of a child protective agency for a period of six months and placed the father under the supervision of ACS until November 22, 2018, is dismissed as academic, as those portions of the order have expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903; Matter of Ethan B. [Frederick B.], 130 AD3d 816, 816). However, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected the child is not academic since the adjudication of neglect constitutes a permanent stigma, which might indirectly affect the father's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904).
" A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). "A single act of domestic violence in the presence of a child . . . may be sufficient for a neglect finding" (Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064 [citations omitted]; see Matter of Andrew Y., 44 AD3d 1063, 1064). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Diaz v Rodriguez, 164 AD3d 1340).
Here, the Family Court's determination, based upon its credibility assessment accepting the mother's testimony regarding the incidents, including how the father's actions negatively affected the child, and rejecting the father's version, is supported by the record (see Matter of Mohammed v Mohammed, 174 AD3d at 616; Matter of McGregor v Ferguson, 167 AD3d 897).
The father's remaining contention is without merit (see People v Chandler, 59 AD3d 562, 562).
Accordingly, we agree with the Family Court's determination that a preponderance [*2]of the evidence established that the father neglected the child by engaging in acts of domestic violence against the mother in the child's presence (see Matter of Kiara C. [David C.], 85 AD3d at 1026).
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court