Matter of Saphire R. (Christopher R.) (2023 NY Slip Op 04317)

Matter of Saphire R. (Christopher R.)

2023 NY Slip Op 04317

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-05140
2021-05142
 (Docket Nos. N-22927-18, N-22928-18, N-22929-18, N-22930-18, N-22931-18)

[*1]In the Matter of Saphire R. (Anonymous). Administration for Children's Services, respondent; Christopher R. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Keziah R. (Anonymous). Administration for Children's Services, respondent; Christopher R. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Josiah R. (Anonymous). Administration for Children's Services, respondent; Christopher R. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Xayanna G. (Anonymous). Administration for Children's Services, respondent; Christopher R. (Anonymous), appellant. (Proceeding No. 4.)
In the Matter of Xavier G. (Anonymous). Administration for Children's Services, respondent; Christopher R. (Anonymous), appellant. (Proceeding No. 5.)

Larry Bachner, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid Gustafson and Jessica Miller of counsel; Jonathan Frieden on the brief), for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Laura Solecki of counsel), attorney for the children Xayanna G. and Xavier G.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children Saphire R., Keziah R., and Josiah R.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated May 23, 2019, and (2) an order of disposition of the same court dated March 12, 2020. The order of fact-finding, after a fact-finding hearing, found that the father neglected the child Saphire R. and derivatively neglected the children Keziah R., Josiah R., Xayanna G., and Xavier G. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the children to the custody of the nonrespondent mother and placed the father under the supervision of the Administration for Children's Services until March 12, 2021.
ORDERED that the appeal from the order of disposition is dismissed as academic, without costs or disbursements, as that order was vacated by a subsequent order of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated July 15, 2021; and it is further,
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the child Saphire R., and derivatively neglected the children Keziah R., Josiah R., Xayanna G., and Xavier G., by committing an act of domestic violence against the mother in the presence of Saphire R. Evidence was presented at the fact-finding hearing demonstrating that the father punched the mother in the breast causing her pain, wielded a knife at her, and took her keys and cell phone, while Saphire R. was present. In an order of fact-finding, the Family Court found that the father neglected Saphire R. and derivatively neglected Keziah R., Josiah R., Xayanna G., and Xavier G.
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Na'ima W. [Kenyatta W.], 192 AD3d 1127, 1128; Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064).
Here, Saphire R.'s out-of-court statements were admissible because they were sufficiently and reliably corroborated by the testimony of the police officers and an ACS caseworker, the mother's out-of-court statements, and the father's admissions to the ACS caseworker (see Family Ct Act § 1046[a][vi]; Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1036). Contrary to the father's contention, a preponderance of admissible evidence supported a finding that Saphire R.'s physical, mental, or emotional condition was impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother in her presence (see Matter of Jordan R. [Yon R.-W.], 162 AD3d 671, 672-673; Matter of Jihad H. [Fawaz H.], 151 AD3d at 1064; Matter of Andre K. [Jamahal G.], 142 AD3d 1171, 1173). Moreover, the father's commission of an act of domestic violence against the mother in the presence of Saphire R. evinced a fundamental defect in his understanding of the duties of parenthood, such that it supports a finding of derivative neglect with respect to Keziah R., Josiah R., Xayanna G., and Xavier G. (see Matter of Madeleine B. [Peter B.], 198 AD3d 641, 643; Matter of Briana F. [Oswaldo F.], 69 AD3d 718).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court