■ In the Matter of Mohammed J. Administration for Children's Services, Respondent; Mohammed Z., Appellant. [995 NYS2d 125]—

In a neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (O'Donoghue, J.), dated May 22, 2013, which, upon a fact-finding order of the same court (Tally, J.), dated February 28, 2012, finding that he neglected the subject child, inter alia, released the child to the custody of the mother. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1313 [2012]).

Here, contrary to the father's contention, a preponderance of the credible evidence established that he neglected the subject child by, in the child's presence, hitting the mother on the head with an object, causing her to bleed and require nine stitches. The father's act of domestic violence against the mother in the child's presence impaired, or created an imminent danger of impairing, the child's physical, mental, or emotional condition (*see Matter of Celeste O. [Calvin A.]*, 119 AD3d 586, 587 [2014]; *Matter of Amodea D. [Jason D.]*, 112 AD3d 1367, 1367-1368 [2013]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d at 520). The child's out-of-court statements were corroborated by, among other things, the caseworker's testimony and the medical records (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Kaleb B. [Harold S.]*, 119 AD3d 780, 781 [2014]; *Matter of Shakil G. [Abdul G.]*, 110 AD3d 572, 572 [2013]; *Matter of Kaila A. [Reginald A.—Lovely A.]*, 95 AD3d 421, 421 [2012]).

Accordingly, the Family Court properly found that the father neglected the subject child. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.