Appeal by the father from an order of the Family Court, Suffolk County (Philip Goglas, Acting Family Court Judge), dated December 12, 2016. The order, after a fact-finding hearing, found that the father neglected the subject children.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 Following an argument, the father allegedly grabbed the mother’s face and punched her while two of their children were in the same room. Both children saw the father grab the mother’s face, and one child saw the father punch her. There was evidence at the fact-finding hearing of regular arguments and domestic violence in the household and evidence that the two youngest children were afraid of the father. The Family Court found that the petitioner established by a preponderance of the evidence that the father neglected the subject children. The father appeals from the order.
 

 The Family Court properly found that a preponderance of the evidence established that the children’s physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the father’s commission of an act, or acts, of domestic violence in the presence of two of the children (see Matter of Kiara C. [David C.], 85 AD3d 1025, 1026 [2011]; see also Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Jayda D.-B., 33 AD3d 998, 998 [2006]). The out-of-court statements of the father’s youngest son describing the father punching the mother in the face were reliably corroborated by the out-of-court statements of his siblings as well as photographic evidence of the mother’s physical injury (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 119 [1987]; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 995 [2014]; Matter of Joshua B., 28 AD3d 759, 760-761 [2006]; Matter of Christopher L., 19 AD3d 597, 597 [2005]; Matter of Latisha W., 221 AD2d 645, 645 [1995]).
 

 Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.