Matter of Neleh B. (Quincy J.) (2018 NY Slip Op 04712)





Matter of Neleh B. (Quincy J.)


2018 NY Slip Op 04712


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-08310
2017-08313
 (Docket Nos. N-19940-14, N-19941-14)

[*1]In the Matter of Neleh B. (Anonymous). Administration for Children's Services, respondent; Quincy J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Winter B. (Anonymous). Administration for Children's Services, respondent; Quincy J. (Anonymous), appellant. (Proceeding No. 2)


Carol Kahn, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Qian Julie Wang of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell, Susan Clement, and Eileen Murphy of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Quincy J. appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated April 20, 2017, and (2) an order of disposition of the same court dated July 19, 2017. The order of fact-finding, after a hearing, found that Quincy J. neglected the children Winter B. and Neleh B. The order of disposition, insofar as appealed from, directed that Quincy J. have supervised parental access with the child Neleh B. at the discretion of the Administration for Children's Services until and including December 21, 2017.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for [*2]review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as directed that Quincy J. have supervised parental access with the child Neleh B. at the discretion of the Administration for Children's Services until and including December 21, 2017, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
This proceeding pursuant to Family Court Act article 10 has its origins in an alleged incident of domestic violence. Quincy J. (hereinafter the appellant) allegedly hit the mother of the subject children, Neleh B. and Winter B., with his hand and pushed the mother on top of the children. The appellant is the putative father of Neleh and was adjudicated a person legally responsible for Winter. The petition filed by the Administration for Children's Services (hereinafter ACS) alleged that the appellant neglected the children by engaging in domestic violence against the mother in the presence of the children, when Winter was six years old and Neleh three months old.
During a fact-finding hearing, a caseworker employed by ACS testified that Winter told her that the appellant hit the mother. Winter also told the caseworker that she was hurt when the appellant pushed her mother on top of her and Neleh, who was an infant at the time. In addition, Winter said that she was fearful that the appellant would hit her mother if he were to return to the home. The mother testified at the fact-finding hearing that there were regular arguments and incidents of domestic violence, which included the appellant hitting her with his hand and pushing her. One such incident left the mother with a bruised face, prompting a call to the police and a report by the responding officers. The mother identified a photograph depicting these facial bruises, and the photograph was admitted into evidence at the hearing.
After the fact-finding hearing, the Family Court found that ACS established by a preponderance of the evidence that the appellant neglected the children. Thereafter, the Family Court held a dispositional hearing and issued the order of disposition appealed from, which, inter alia, released the children to the custody of the mother and directed that the appellant have supervised parental access with Neleh at the discretion of ACS until and including December 21, 2017.
The appeal from so much of the order of disposition as directed that the appellant have supervised parental access with Neleh at the discretion of ACS until and including December 21, 2017, must be dismissed as academic, as that part of the order has already expired (see Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576; Matter of Amiya S. [Twana J.F.], 100 AD3d 763). However, the appeal from that portion of the order of disposition which brings up for review the finding that the appellant neglected the children is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings (see Matter of Jemima M. [Aura M.], 151 AD3d 862, 863; Matter of Grayson J. [Sharon H.], 119 AD3d at 576-577).
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child [*3]is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i]; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520). A child's out-of-court statements relating to an allegation of neglect may, if adequately corroborated by evidence tending to establish their reliability, support a finding of neglect (see Family Ct Act § 1046[a][vi]; Matter of Eric P. [Omar P.], 155 AD3d 1041). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration. The Family Court, as the trier of fact, has considerable discretion in determining whether the child's statements are sufficiently corroborated and whether the record as a whole supports a finding of [neglect]" (Matter of Christopher L., 19 AD3d 597, 597 [citations omitted]; see Matter of Imman H., 49 AD3d 879, 880).
We agree with the Family Court's finding that a preponderance of the evidence established that the children's physical, mental, or emotional condition was impaired or was in imminent danger of becoming impaired by the appellant's domestic violence against the mother in the presence of the children (see Matter of Jada F. [Carolyn F.], 97 AD3d 575; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; Matter of Jayda D.-B., 33 AD3d 998, 998).
Winter's out-of-court statements that the appellant hit her mother and that described an incident when the appellant pushed the mother on top of her and Neleh were reliably corroborated by the mother's testimony regarding the incident and evidence of the mother's physical injury (see Family Ct Act § 1046[a][vi]; Matter of Eric P. [Omar P.], 155 AD3d 1041; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 995).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court