Matter of Malachi M. (Mark M.) (2018 NY Slip Op 05846)





Matter of Malachi M. (Mark M.)


2018 NY Slip Op 05846


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-06057
 (Docket Nos. N-26593-16, N-26594-16)

[*1]In the Matter of Malachi M. (Anonymous). Administration for Children's Services, respondent; Mark M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Malique R. (Anonymous). Administration for Children's Services, respondent; Mark M. (Anonymous), appellant. (Proceeding No. 2)


Catherine S. Bridge, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Emma Grunberg of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell, Riti P. Singh, and Teresa Kominos of counsel), attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated May 18, 2017. The order, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED that the order of fact-finding is modified, on the law, by deleting the provision thereof finding that the father neglected the child Malique R., and substituting therefor a provision denying the petition relating to the child Malique R. and dismissing that proceeding; as so modified, the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced these two related proceedings pursuant to Family Court Act article 10 alleging that the father neglected his biological son, Malachi M., and a child for whom he was legally responsible, Malique R. At a fact-finding hearing, the petitioner presented evidence that the father repeatedly slapped the children's mother in the face while Malachi was present, causing Malachi to become scared. Malique was not present during the altercation. The petitioner also presented evidence that the father and the mother argued frequently while the children were home. Following the hearing, the Family Court found that the father neglected Malachi by committing an act of domestic violence in his presence, and that the father neglected Malique by verbally abusing the mother in his presence. The father appeals.
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming [*2]impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). We agree with the Family Court's finding that a preponderance of the evidence established that Malachi's physical, mental, or emotional condition was impaired or was in danger of becoming impaired when the father hit the mother multiple times in Malachi's presence (see Matter of Eric P. [Omar P.], 155 AD3d 1041, 1042; see also Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Andre K. [Jamahal G.], 142 AD3d 1171, 1172). The court's determination that the mother testified credibly about the incident was adequately supported by the record and is entitled to deference (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036; Matter of Steven Glenn R., 51 AD3d 802, 803). Additionally, Malachi's out-of-court statement describing the incident was reliably corroborated by the testimony of the father and the mother at the hearing (see Family Ct Act § 1046[a][vi]; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 705-06).
However, we disagree with the Family Court's finding that a preponderance of the evidence established that the father neglected Malique by verbally abusing the mother in his presence. While it was inappropriate for the father and the mother to argue in Malique's presence, the evidence concerning those arguments was insufficient to establish that Malique's physical, mental, or emotional condition was impaired or in imminent danger becoming impaired (see Matter of Alyssa OO. [Andrew PP.], 68 AD3d 1158, 1160; Matter of Imani B., 27 AD3d 645, 646). Additionally, Malique's out-of-court statement that he does not feel safe being alone with the father was not corroborated by additional evidence at the hearing and therefore was insufficient to support a fact-finding determination of neglect (see Family Ct Act § 1046[a][vi]; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 744-745).
The petitioner's remaining contentions are without merit.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court