Matter of Aliyah T. (Jaivon T.) (2019 NY Slip Op 05672)





Matter of Aliyah T. (Jaivon T.)


2019 NY Slip Op 05672


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-04723
2017-07072
2017-07074
 (Docket Nos. N-3174-15, N-3175-15)

[*1]In the Matter of Aliyah T. (Anonymous). Administration for Children's Services, respondent; Jaivon T. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Adrianna H. (Anonymous). Administration for Children's Services, respondent; Jaivon T. (Anonymous), appellant. (Proceeding No. 2)


Anthony DeGuerre, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jessica Miller of counsel), for respondent.
Joseph H. Nivin, Forest Hills, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Richmond County (Karen Wolff, J.), dated March 29, 2017, (2) an order of disposition of the same court dated June 30, 2017, and (3) an order of protection of the same court, also dated June 30, 2017. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of disposition, insofar as appealed from, after a dispositional hearing, placed the father under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions and directed him to comply with the order of protection. The order of protection directed the father to stay away from the children, their home, and their schools, except for agency sanctioned visitation, for a period of six months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services for a period of six months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
In July 2015, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the father was a person legally responsible for his then two-year-old daughter Aliyah and his then four-year-old daughter Adrianna (hereinafter the older child), and that he had neglected those children by engaging in acts of domestic violence against the children's mother in their presence. Following a fact-finding hearing, the Family Court issued an order of fact-finding dated March 29, 2017, in which it found that the father had neglected the children. Following a dispositional hearing, at which ACS introduced an investigation report (see Family Ct Act § 1047[b]) but no sworn testimony was taken, the court issued an order of disposition dated June 30, 2017, in which it released the children to the custody of their mother with ACS supervision, placed the father under ACS supervision for a period of six months with certain terms and conditions, and directed him to comply with an order of protection, also dated June 30, 2017, directing him to stay away from the children, their home, and their schools, except for ACS-sanctioned visitation, for a period of six months. The father appeals from the order of fact-finding, the order of disposition, and the order of protection.
So much of the order of disposition as placed the father under ACS supervision for a period of six months has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1077). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (see id. at 1077-1078; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027). Further, although the order of protection has expired by its own terms, the appeal from the order of protection has not been rendered academic "given the totality of the enduring legal and reputational consequences" of the order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 994). Although "exposing a child to domestic violence is not presumptively neglectful" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]), a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually or imminently harmed by reason of the parent or caretaker's failure to exercise a minimum degree of care (see id. at 372; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706; Matter of Mohammed J. [Mohammed Z.], 121 AD3d at 994; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Contrary to the father's contention, a pattern of domestic violence is not required: "A single act of domestic violence in the presence of a child, or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064 [citations omitted]; see Matter of Sapphire G. [Samarj L. G.], 136 AD3d 687, 687; Matter of Kiara C. [David C.], 85 AD3d at 1026; Matter of Ashanti R., 66 AD3d 1031, 1032). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Irene O., 38 NY2d 776, 777; Matter of Justice L. [Jessica L.], 168 AD3d 1057, 1057).
Here, contrary to the father's contention, a preponderance of the credible evidence established that he neglected the subject children by, in the children's presence, hitting their mother in the forehead with a bat, causing the mother injury and resulting in the older child being accidently contacted when she tried to intervene (see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1134-1135; Matter of Cody W. [Ronald L.], 148 AD3d 914, 916; Matter of Mohammed J. [*2][Mohammed Z.], 121 AD3d at 995; Matter of Kiara C. [David C.], 85 AD3d at 1026). The older child's out-of-court statements were corroborated by, among other things, the testimony of a caseworker and medical records (see Family Ct Act § 1046[a][vi]; Matter of Mohammed J. [Mohammed Z.], 121 AD3d at 995; Matter of Carmine G. [Franklin G.], 115 AD3d 594, 594). There is no basis to disturb the court's determination that the father's alternative version of events lacked credibility (see Matter of Tayleese M. C. [Tunisha H.], 127 AD3d at 1078).
Contrary to the father's further contention, he was not denied due process by the Family Court's failure to take sworn testimony at the dispositional hearing (see Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1600-1601; Matter of Katrina W., 171 AD2d 250, 257). At a dispositional hearing, "due process requires that the parties be provided an adequate opportunity to offer evidence" (Matter of Katrina W., 171 AD2d at 257; see Matter of Monique M. [Georgette S.], 110 AD3d 814, 816). Here, the father did not seek to cross-examine the caseworker who prepared the investigation report or to offer any evidence regarding the appropriate disposition (cf. Matter of Monique M. [Georgette S.], 110 AD3d at 816). Rather, the record reflects that the father sought only to preserve his objection to the underlying finding of neglect.
The father's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court